# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

In re:  §
        §
GEORGE WAYNE NAESE  §    Case No. 1:12-23131-JSB
DIANE M NAESE       §
                    §
                    §
        Debtor(s)   §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on     . The undersigned trustee was appointed on              .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of             $

   Funds were disbursed in the following amounts:

   Payments made under an interim disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]          $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/N. Neville Reid, Trustee_____
                                         Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| | | | | | |
|---|---|---|---|---|---|
| Case No: | 12-23131   JSB | Judge: Janet S. Baer | | Trustee Name: | N. Neville Reid, Trustee |
| Case Name: | GEORGE WAYNE NAESE | | | Date Filed (f) or Converted (c): | 06/08/2012 (f) |
| | DIANE M NAESE | | | 341(a) Meeting Date: | 08/09/2012 |
| For Period Ending: | 08/18/2014 | | | Claims Bar Date: | 04/17/2014 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. REAL ESTATE<br><br>5514 W Schubert Chicago IL 60639. | 119,000.00 | 0.00 | | 0.00 | FA |
| 2. FINANCIAL ACCOUNTS<br><br>1) Chase Savings Account - $ 2<br>2) Chase Checking Account - $476<br>3) Bank of America Checking Account - $0 | 478.00 | 0.00 | | 0.00 | FA |
| 3. HOUSEHOLD GOODS<br><br>Household goods; TV, DVD player, TV stand, stereo, sofa, vacuum, table, chairs, lamps, bedroom sets, washer/dryer, stove, refrigerator, microwave, dishes/flatware, pots/pans | 2,000.00 | 0.00 | | 0.00 | FA |
| 4. BOOKS/COLLECTIBLES<br><br>Books, Compact Discs, Tapes/Records, Family Pictures | 100.00 | 0.00 | | 0.00 | FA |
| 5. WEARING APPAREL<br><br>Necessary wearing apparel | 200.00 | 0.00 | | 0.00 | FA |
| 6. FURS AND JEWELRY<br><br>Earrings, watch, costume jewelry, and wedding rings. | 300.00 | 0.00 | | 0.00 | FA |
| 7. INSURANCE<br><br>Term Life Insurance - No Cash Surrender Value. | 0.00 | 0.00 | | 0.00 | FA |
| 8. RETIREMENT PLANS<br><br>1) Pension w/ Employer/Former Employer - 100% Exempt.<br><br>2) Pension w/ Employer/Former Employer - 100% Exempt. | Unknown | 0.00 | | 0.00 | FA |
| 9. CONTINGENT CLAIMS<br><br>Wife's 1/5 interest in the wrongful death case of Estate of Nancy Sandberg v. Peterson Park Associates, et al. Case #11L-14006. Attorney for the plaintiffs is Kelly A. Sabo with Malman Law, (312) 629-1188. | Unknown | 41,259.31 | | 41,259.31 | FA |

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 12-23131 | JSB | Judge: | Janet S. Baer | Trustee Name: | N. Neville Reid, Trustee |
| Case Name: | GEORGE WAYNE NAESE | | | | Date Filed (f) or Converted (c): | 06/08/2012 (f) |
| | DIANE M NAESE | | | | 341(a) Meeting Date: | 08/09/2012 |
| For Period Ending: | 08/18/2014 | | | | Claims Bar Date: | 04/17/2014 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 10. VEHICLES | 15,500.00 | 0.00 | | 0.00 | FA |
| Santander Consumer USA - 2011 Nissan with 16,000 miles. | | | | | |
| 11. ANIMALS | 0.00 | 0.00 | | 0.00 | FA |
| Family Pets: 3 cats, 1 dog. | | | | | |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)         $137,578.00         $41,259.31         $41,259.31         $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

April 2014 Status: Case settled. Net proceeds to the estate are $26,058. Upon bar date passing April 17 2014, intend to file TFR shortly thereafter as case is otherwise fully administered.

Initial Projected Date of Final Report (TFR): 12/31/2012      Current Projected Date of Final Report (TFR): 12/31/2014

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Case No: 12-23131  
Case Name: GEORGE WAYNE NAESE  
DIANE M NAESE  

Taxpayer ID No: XX-XXX4186  
For Period Ending: 08/18/2014  

Trustee Name: N. Neville Reid, Trustee  
Bank Name: Associated Bank  
Account Number/CD#: XXXXXX5211  
Checking Account (Non-Interest Earn  
Blanket Bond (per case limit): $5,000,000.00  
Separate Bond (if applicable):  

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 12/26/13 | 9 | LAW OFFICES OF STEVEN J. Malman & Assoc.205 W. Randolph Street, Suite 610Chicago, IL 60606 | Settlement Funds | 1149-000 | $41,259.31 | | $41,259.31 |
| 01/08/14 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | $10.00 | $41,249.31 |
| 02/07/14 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | $61.31 | $41,188.00 |
| 03/07/14 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | $55.31 | $41,132.69 |
| 03/27/14 | 300001 | LAW OFFICES OF STEVEN J. MALMAN 205 W. Randolph St., Suite 610 Chicago, IL 60606 | Fees re: Estate of Nancy Sandberg v. Peterson Park HCC. Professional Fees & Expenses DKT 31 (Attorney Fees $14,666.66 and Expenses $407.76) | | | $15,074.42 | $26,058.27 |
| | | LAW OFFICES OF STEVEN J. MALMAN | ($14,666.66) | 3210-000 | | | |
| | | 0 | $0.00 | 3220-000 | | | |
| | | LAW OFFICES OF STEVEN J. MALMAN | ($407.76) | 3220-000 | | | |
| 04/07/14 | 300002 | INTERNATIONAL SURETIES, LTD. Suite 420701 Poydras StreetNew Orleans, LA 70139504-581-6404 | Blanket Bond Disbursement Blanket Bond Amount $71,065,000.00 Liberty Mutual Insurance Company Bond # 016016455 Term: 02/01/14 to 02/01/15 | 2300-000 | | $11.61 | $26,046.66 |
| 04/07/14 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | $60.43 | $25,986.23 |
| 05/07/14 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | $37.40 | $25,948.83 |
| 06/06/14 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $38.58 | $25,910.25 |
| 07/08/14 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $37.28 | $25,872.97 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*    Page Subtotals:    $41,259.31    $15,386.34

|   |   |   |
|---|---:|---:|
| COLUMN TOTALS | $41,259.31 | $15,386.34 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $41,259.31 | $15,386.34 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $41,259.31 | $15,386.34 |

Exhibit B

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX5211 - Checking Account (Non-Interest Earn | $41,259.31 | $15,386.34 | $25,872.97 |
| | $41,259.31 | $15,386.34 | $25,872.97 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $41,259.31 |
| Total Gross Receipts: | $41,259.31 |

Exhibit C

ANALYSIS OF CLAIMS REGISTER

Case Number: 1:12-23131-JSB  
Debtor Name: GEORGE WAYNE NAESE  
Claims Bar Date: 4/17/2014  

Date: August 18, 2014

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 1 3210 | LAW OFFICES OF STEVEN J. MALMAN<br>205 W. Randolph St., Suite 610<br>Chicago, IL 60606 | Administrative | Estate of Nancy Sandberg, v. Peterson Park HCC (Attorney Fees $14,666.66 and Expenses $407.76)<br>Order Dkt. 31<br><br>Order Number from conversion: 31 | $0.00 | $14,666.66 | $14,666.66 |
| 100 2100 | N. NEVILLE REID<br>200 W. MADISON, SUITE 3000<br>CHICAGO, IL 60606 | Administrative | | $0.00 | $4,875.93 | $4,875.93 |
| 100 3110 | FOX SWIBEL LEVIN & CARROLL, LLP<br>200 W. Madison Street, Suite 3000<br>Chicago, IL 60606 | Administrative | | $0.00 | $8,129.50 | $8,129.50 |
| 100 3120 | FOX SWIBEL LEVIN & CARROLL, LLP<br>200 W. Madison Street, Suite 3000<br>Chicago, IL 60606 | Administrative | | $0.00 | $73.57 | $73.57 |
| 100 3220 | LAW OFFICES OF STEVEN J. MALMAN<br>205 W. Randolph St., Suite 610<br>Chicago, IL 60606 | Administrative | | $0.00 | $407.76 | $407.76 |
| 1 300 7100 | N. A. CAPITAL ONE BANK (USA)<br>CAPITAL ONE BANK (USA), N.A.<br>BY AMERICAN INFOSOURCE LP AS AGENT<br>PO BOX 71083<br>CHARLOTTE, NC 28272-1083 | Unsecured | | $0.00 | $968.37 | $968.37 |
| 2 300 7100 | N. A. CAPITAL ONE BANK (USA)<br>CAPITAL ONE BANK (USA), N.A.<br>BY AMERICAN INFOSOURCE LP AS AGENT<br>PO BOX 71083<br>CHARLOTTE, NC 28272-1083 | Unsecured | | $0.00 | $920.17 | $920.17 |
| 3 300 7100 | US DEPT OF EDUCATION<br>CLAIMS FILING UNIT<br>PO BOX 8973<br>MADISON, WI 53708-8973 | Unsecured | | $0.00 | $5,157.02 | $5,157.02 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 1:12-23131-JSB  
Debtor Name: GEORGE WAYNE NAESE  
Claims Bar Date: 4/17/2014  
Date: August 18, 2014

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 4 300 7100 | MERRICK BANK<br>Resurgent Capital Services<br>PO Box 10368<br>Greenville, SC  29603-0368 | Unsecured | | $0.00 | $696.86 | $696.86 |
| 5 300 7100 | MERRICK BANK<br>Resurgent Capital Services<br>PO Box 10368<br>Greenville, SC  29603-0368 | Unsecured | | $0.00 | $1,461.41 | $1,461.41 |
| 6 300 7100 | PORTFOLIO RECOVERY ASSOCIATES, LLC<br>successor to CAPITAL ONE, NATIONAL ASSOC<br>PO Box 41067<br>Norfolk, VA  23541 | Unsecured | | $0.00 | $1,914.60 | $1,914.60 |
| 7 300 7100 | AMERICAN INFOSOURCE LP AS AGENT FOR<br>DIRECTV, LLC<br>Mail Station N387<br>2230 E Imperial Hwy<br>El Segundo, CA  90245 | Unsecured | | $0.00 | $139.96 | $139.96 |
| 8 300 7100 | PYOD, LLC ITS SUCCESSORS AND ASSIGNS AS ASSIGNEE OF FNBM, LLC<br>RESURGENT CAPITAL SERVICES<br>PO BOX 19008<br>GREENVILLE, SC 29602 | Unsecured | | $0.00 | $1,209.38 | $1,209.38 |
| 9 300 7100 | PORTFOLIO RECOVERY ASSOCIATES, LLC<br>successor to CAPITAL ONE, NATIONAL ASSOC<br>PO Box 41067<br>Norfolk, VA  23541 | Unsecured | | $0.00 | $633.37 | $633.37 |
| 999 2300 | INTERNATIONAL SURETIES, LTD.<br>INTERNATIONAL SURETIES, LTD. | Administrative | | $0.00 | $11.61 | $11.61 |
| | Case Totals | | | $0.00 | $41,266.17 | $41,266.17 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 1:12-23131-JSB
Case Name: GEORGE WAYNE NAESE
           DIANE M NAESE
Trustee Name: N. Neville Reid, Trustee

       Balance on hand                                                $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: N. NEVILLE REID | $ | $ | $ |
| Attorney for Trustee Fees: FOX SWIBEL LEVIN & CARROLL, LLP | $ | $ | $ |
| Attorney for Trustee Expenses: FOX SWIBEL LEVIN & CARROLL, LLP | $ | $ | $ |
| Other: INTERNATIONAL SURETIES, LTD. | $ | $ | $ |
| Other: LAW OFFICES OF STEVEN J. MALMAN | $ | $ | $ |
| Other: LAW OFFICES OF STEVEN J. MALMAN | $ | $ | $ |

      Total to be paid for chapter 7 administrative expenses      $_____

      Remaining Balance                                      $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $        must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $          have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be        percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | N. A. CAPITAL ONE BANK (USA) | $ | $ | $ |
| 2 | N. A. CAPITAL ONE BANK (USA) | $ | $ | $ |
| 3 | US DEPT OF EDUCATION | $ | $ | $ |
| 4 | MERRICK BANK | $ | $ | $ |
| 5 | MERRICK BANK | $ | $ | $ |
| 6 | PORTFOLIO RECOVERY ASSOCIATES, LLC | $ | $ | $ |
| 7 | AMERICAN INFOSOURCE LP AS AGENT FOR | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 8 | PYOD, LLC ITS SUCCESSORS AND ASSIGNS AS ASSIGNEE | $ | $ | $ |
| 9 | PORTFOLIO RECOVERY ASSOCIATES, LLC | $ | $ | $ |

Total to be paid to timely general unsecured creditors      $_____

Remaining Balance      $_____

Tardily filed claims of general (unsecured) creditors totaling $     have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be     percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $     have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be     percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE